UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 22-47699-lsg

**Berwick Hospital Company, LLC**  Chapter 11, Subchapter V

Debtor.  Hon. Lisa S. Gretchko
_____/

**NOTICE OF APPOINTMENT OF PATIENT CARE OMBUDSMAN**

Andrew R. Vara, United States Trustee for Regions 3 and 9, in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), 11 U.S.C. § 333(a)(2), Rule 2007.2(c) of the Federal Rules of Bankruptcy Procedure, and the Order directing this appointment entered by the Court on October 3, 2022 [Docket #6], hereby appoints as the Patient Care Ombudsman in this case:

Deborah L. Fish

This notice is accompanied by Deborah Fish's verified statement setting forth her connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee.

Section 333(b) of the Bankruptcy Code provides that the Patient Care Ombudsman shall-

(1) monitor the quality of patient care provided to patients of the debtor, to the extent necessary under the circumstances, including interviewing patients and physicians;

(2) not later than 60 days after the date of this appointment, and not less frequently than at 60 day intervals thereafter, report to the court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the debtor; and

(3) if such ombudsman determines that the quality of patient care provided to patients of the debtor is declining significantly or is otherwise being materially compromised, file with the court a motion or a written report, with notice to the parties in interest immediately upon making such determination.

11 U.S.C. § 333(b).

In addition, section 333(c)(1) generally provides that the Patient Care Ombudsman shall maintain any information she obtains by virtue of her appointment in this case that relates to patients (including information relating to patient records) as confidential information. 11 U.S.C. § 333(c)(1). Pursuant to Rule 2015.1 of the Federal Rules of Bankruptcy Procedure:

> *(a) Reports.* Unless the court orders otherwise, a patient care ombudsman, at least 10 days before making a report under § 333(b)(2) of the Code, shall give notice that the report will be made to the court. The notice shall be transmitted to the United States trustee, posted conspicuously at the health care facility that is the subject of the report, and served on the debtor, the trustee, all patients, and any committee elected under § 705 or appointed under § 1102 of the Code or its authorized agent, or, if the case is a chapter 9 municipality case or a chapter 11 reorganization case and no committee of unsecured creditors has been appointed under § 1102, on the creditors included on the list filed under Rule 1007(d), and such other entities as the court may direct. The notice shall state the date and time when the report will be made, the manner in which the report will be made, and, if the report is in writing, the name, address, telephone number, email address, and website, if any, of the person from whom a copy of the report may be obtained at the debtor's expense.

*(b) Authorization to Review Confidential Patient Records.* A motion by a health care ombudsman under § 333(c) to review confidential patient records shall be governed by Rule 9014, served on the patient and any family member or other contact person whose name and address has been given to the trustee or the debtor for the purpose of providing information regarding the patient's health care, and transmitted to the United States trustee subject to applicable nonbankruptcy law relating to patient privacy. Unless the court orders otherwise, a hearing on the motion may be commenced no earlier than 15 days after service of the motion.

          Respectfully submitted,

          **ANDREW R. VARA**
          **UNITED STATES TRUSTEE**
          Regions 3 and 9

By:   /s/ Leslie K. Berg
      Trial Attorney
      Office of the U.S. Trustee
      211 West Fort St - Suite 700
      Detroit, Michigan 48226
      Leslie.K.Berg@usdoj.gov
      (313) 226-7950

Dated: October 3, 2022

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BERWICK HOSPITAL COMPANY, LLC     No. 22-47699-lsg
                                                              Chapter 11-Sub Chapter V
       Debtor.                                        Hon Lisa S. Gretchko
_____/

**AFFIDAVIT OF DEBORAH L. FISH IN SUPPORT OF APPOINTMENT AS PATIENT CARE OMBUDSMAN FOR BERWICK HOSPITAL COMPANY, LLC, PURSUANT TO 11 U.S.C. SECTION 333**

Deborah L. Fish declares and states as follows:

1. This Affidavit is submitted at the request of the United States Trustee in connection with the appointment by the United States Trustee of a patient care ombudsman in the above-captioned case.

2. I am willing to serve as patient care ombudsman in the above-captioned case, BERWICK HOSPITAL COMPANY, LLC pursuant to the provisions of 11 U.S.C. § 333 and as may be ordered by this Court. I have counseled numerous providers of health services including hospitals, nursing homes, home health care agencies, doctors and insurers. I have been appointed in numerous cases as the Patient Care Ombudsman since the enactment of the statute

in 2005.

3. The purpose of this Affidavit is to provide the disclosures required under Title 11 of the United States Code (the "Bankruptcy Code") in order to qualify as a "disinterested person," as such term is defined in Bankruptcy Code § 101(14), and to comply with the disclosure requirements of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including Bankruptcy Rule 2007.2(c).

4. To the best of my knowledge, and based on the conflicts check described herein, and except as specifically otherwise provided herein, I do not have any connection with the Debtor, any creditors of its estate, other parties in interest or their respective professionals in this case, the United States Trustee for the Eastern District of Michigan, or any person employed in the Office of the United States Trustee for the Eastern District of Michigan, with the following exceptions:

A) From 1992 to 1998 Barbara Heilig, a current employee of the Office of the U.S. Trustee, was employed by Allard & Fish, P.C. as a legal secretary.

B) From 1994 to 1995 Richard A. Roble, a trial attorney currently employed by the Office of the United States Trustee, was an associate attorney with Allard & Fish, P.C.

C) From 2000 to 2002 Timothy R. Graves currently employed by the Office of the United States Trustee as a trial attorney was a law clerk and from 2002 to 2018 Timothy R Graves was an associate attorney with Allard & Fish, P.C.

D) In February 2022, I was appointed Patient Care Ombudsman in the matter of Knox Clinic Corporation, Sanjay Sharma the principal therein is related to Priyam Sharma the CEO of Berwick Clinic Company, LLC. , Additionally, in 2015, I was appointed Patient Care Ombudsman in the matter of Oakland Physicians Medical Center, L.L.C., d/b/a Doctors' Hospital of Michigan, Sant Partners, LLC became a plan proponent and ultimately confirmed a plan of reorganization for the Debtor. Sanyam Sharma (son of Priyam Sharma) was/is the owner of Sant Partners, LLC, and was involved in the case as was Priyam Sharma. I worked with both Priyam and Sanyam Sharma post confirmation until I was discharged of my duties. In July of 2022, I was appointed Patient Care Ombudsman for Berwick Clinic Company, LLC a related entity.

5. In order to prepare this Affidavit, I completed a standard conflicts check employed by Allard & Fish, P.C. in other bankruptcy matters.

6. From time to time, I may have had a connection with, or may currently or may in the future have a connection with, one or more of the creditors or parties in interest in this case, not currently known to me, in matters wholly unrelated to this case. If I subsequently discover any such connections, I will promptly disclose

such information by appropriate filing with this Court. To my best knowledge, my current or past relationships with such creditors do not comprise a material component of my legal practice and such relationships are unrelated to the matters upon which I will be appointed in this case.

7. I am a "disinterested person" as that term is defined in Bankruptcy Code § 101(14) in that I:

    (a) am not a creditor, equity security holder or insider of the Debtor;

    (b) am not, and was not, within 2 years before the date of filing of the petition, a director, officer or employee of the Debtor; and

    (c) do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

8. I intend to apply for compensation for my services rendered in connection with this case, subject to the approval of this Court, on an interim and/or final basis and otherwise in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, U.S. Trustee Guidelines, and Orders of this Court, on an hourly basis, but with travel time charged at $0.00. My hourly rate will be $380.00. In addition to hourly fees, reasonable expenses of the nature and type regularly approved by the Court will be charged.

9. The expenses for which I may seek reimbursement generally include

expenses that are necessary in the normal course of the discharge of my duties as patient care ombudsman, such as costs related to notifying patients of ombudsman reports, responding to motions, objections, and other court-related matters that are not directly related to ombudsman duties, such as responses to objections for payment of fees, necessary travel expenses and for other unforeseen extraordinary matters. I will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to my clients.

10. By reason of the foregoing, I believe that I am eligible for appointment as patient care ombudsman pursuant to Bankruptcy Code § 333 and the applicable Bankruptcy Rules.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 3rd day of October, 2022.

/S/ Deborah L. Fish  
Deborah L. Fish  
Allard & Fish, P.C.  
1001 Woodward Avenue  
Suite 850  
Detroit, Michigan 48226  
313-309-3171  
dfish@allardfishpc.com  
P36580